UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRETT MAVERICK MADEKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-01059-JSD |
| ) | |
| THE IMAGINARY WORLD CO. and JACK ) | |
| FLASH, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Brett Maverick Madeker brings this civil action against defendants Imaginary World Company and Jack Flash, Inc. for allegedly putting electronic implants in his brain and body. [Doc. 1 at 1-2]. Now before the Court is Plaintiff's motion to proceed *in forma pauperis*. [Doc. 2]. Based on the financial information provided, the Court finds that Plaintiff is unable to pay the filing fee for this matter. As such, the motion will be granted and the filing fee waived. *See* 28 U.S.C. § 1915(a)(1). Furthermore, because Plaintiff is now proceeding *in forma pauperis*, his pleadings are subject to review under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this case as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's motion to appoint counsel will be denied as moot.

**Background**

Plaintiff's Complaint was filed on the Court's civil complaint form. [Doc. 1]. The filing is difficult to read due to nearly illegible handwriting, and it asserts highly unusual facts. Plaintiff identifies the defendants as the Imaginary World Co. and Jack Flash, Inc, and in the section for providing information on defendants, Plaintiff states: "Electronic implants in Brain and Body.". [*Id.* at 1-2]. Where the form complaint prompts Plaintiff to state the facts

supporting his claims, he explains that he was accused of electronically bugging multiple people and then he alleges, in his own words:

> I was cooked by Heat of Electronics, Raped, Mentally and physically abused[] for over 10 years.  Not including service in the Military.  They have Camera Vision through my eyes making fun of me while raping me.  I have x-rays of my Chest, lung, Penis and Balls.  They bugged me everywhere.  Even [illegible] the Front of my Brain.  I have a MRI of the Brain.

[*Id.* at 5].

Plaintiff seeks $100,000,000 in damages, but he would also like criminal charges filed. [*Id.* at 4-5].  According to Plaintiff, he is entitled to these damages because he "could get cancer anytime" and because it could "shorten[]" his life.  [*Id.* at 6].

## Legal Standard on Initial Review

Federal law requires this Court to dismiss a complaint filed *in forma pauperis* if, among other reasons, it is frivolous.  28 U.S.C. § 1915(e)(2).  "[A] complaint … is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those "allegations that are 'fanciful, fantastic, [or] delusional.'"  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328).  Although "[a]n *in forma pauperis* complaint may not be dismissed … simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.

2

Complaints filed by laypeople "are to be given liberal construction." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). That means that "if the essence of an allegation is discernible … then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *See Stone*, 364 F.3d at 915 (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Finally, giving a pro se complaint the benefit of a liberal construction does not mean that courts should interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Having carefully reviewed and liberally construed Plaintiff's Complaint, the Court finds that the allegations are frivolous. Plaintiff seeks monetary relief based on allegations that his brain and body were implanted with electronic devices that have cooked him, raped him, and provided "Camera Vision" through his eyes. The Court finds that these allegations are fanciful, fantastic, delusional, and rise to the level of the irrational or wholly incredible. *Denton*, 504 U.S. at 32-33. Plaintiff's Complaint is frivolous because it "lacks an arguable basis … in law or in fact." *Neitzke*, 490 U.S. at 325. In addition, the Court finds that these Complaint defects could not be remedied through amendment of the pleadings. As such, this action will be dismissed as frivolous.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] The Court notes that this is not the first case filed by Plaintiff that has been dismissed on initial review for frivolity. *See Madeker v. State of Ill., et al.*, No. 4:25-cv-01058-NCC (E.D. Mo. 2025) (dismissed Oct. 14, 2025) (also naming Jack Flash, Inc. as a defendant); *Madeker v. Boston Scientific, et al.*, No. 4:25-cv-01060-NCC (E.D. Mo. 2025) (dismissed Sept. 24, 2025) (also naming Jack Flash, Inc. as a defendant).

For the same reasons the Court deems Plaintiff's Complaint frivolous, the Court is convinced that there would be no substantial question for review and that an appeal would be futile. *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court will therefore certify that an appeal would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3). Finally, because this action is being dismissed as frivolous, the Court will deny Plaintiff's motion to appoint counsel as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and the filing fee waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [Doc. 3] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of October, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE